101 F.3d 1394
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
MORSE/DIESEL, INC., Plaintiff-Appellee, Cross-Appellant,
v.
FIDELITY & DEPOSIT COMPANY OF MARYLAND,
Defendant-Third-Party-Plaintiff-Cross-Appellees.
v.
T. FREDERICK JACKSON, INC., Third-Party Defendant-Appellant,
Cross-Appellee.
 Nos. 95-9230, 95-92313.
 United States Court of Appeals, Second Circuit.
 Aug. 22, 1996.
 
 APPEARING FOR APPELLANT, CROSS-APPELLEE: Peter N. Wang, Friedman, Wang & Bleiberg, P.C., New York, NY.
 APPEARING FOR APPELLEE CROSS-APPELLANT: Richard F. Lubarsky, Levi & Lubarsky New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 
 1
 Both plaintiff, Morse/Diesel, and third-party defendant, T. Frederick Jackson ("Jackson"), appeal from the judgment of the United States District Court for the Southern District of New York, (Denise Cote, Judge ). Following a lengthy bench trial, the court issued a detailed ruling in favor of Jackson, finding that Morse/Diesel had breached the subcontract between the parties, and accordingly awarded damages to Jackson.
 
 
 2
 Morse/Diesel raises several issues on appeal. It maintains that the court erred when it determined that Morse/Diesel had breached the agreement. In addition, Morse/Diesel contends that all claims raised by Jackson had previously been waived in the agreement. Both Morse/Diesel and Jackson appeal the court's calculation of damages, Morse/Diesel arguing that the court used the wrong method and Jackson challenging the exclusion of certain requested damages.
 
 
 3
 The facts in this case are fairly complex, and are fully discussed in the district court's ruling. We simply summarize the background here for purposes of clarity. Morse/Diesel was the contractor on a massive hotel construction project in New York City. Jackson was the electrical subcontractor. Through no fault of Jackson, the project fell eight months behind schedule.
 
 
 4
 In order to minimize the delay, Morse/Diesel (along with the owner of the hotel) proposed an acceleration program. Such an acceleration program requires significant overtime and workforce increases. Morse/Diesel and Jackson had a difficult time agreeing on the terms which would control the acceleration program, but they ultimately did reach an agreement. The agreement provided for an additional payment to Jackson, a waiver of various claims by Jackson, and a detailed schedule for completing the subcontract. Despite attempts to finish the project quickly, additional problems developed and Jackson ended up working much longer than anticipated in the schedule contained in the acceleration agreement.
 
 
 5
 We note at the outset that this court reviews findings of fact for clear error, and conclusions of law de novo. In re Balfour MacLaine Int'l Ltd., 85 F.3d 68, 74 (2d Cir.1996). More specifically, we review the calculation of damages for clear error, see U.S. Naval Institute v. Charter Communications, 936 F.2d 692, 697 (2d Cir.1996), and we review the choice of method of calculation of damages de novo, see Wolff & Munier v. Whiting-Turner Contracting, 946 F.2d 1003, 1009 (2d Cir.1991). With these standards of review in mind, we consider the ruling below.
 
 
 6
 The district court issued a thorough and well-reasoned opinion in which it determined that Morse/Diesel had breached the agreement by failing to coordinate the work of the various subcontractors, by issuing so many extra change orders as to change the scope of the job, and by failing to improve the vertical transportation situation. The district court made several factual findings which supported this conclusion. None of the findings are clearly erroneous.
 
 
 7
 Once it determined that Morse/Diesel had breached the agreement, the court considered whether Jackson had released the claims in the agreement. The court interpreted the contract to be premised on the scheduled completion date, so that any damages arising out of Morse/Diesel's additional delays following the agreement were not released in the agreement. We agree that this is the proper interpretation of the agreement between the parties.
 
 
 8
 The court then calculated the damages due to Jackson. We commend the court for its Herculean effort to understand the various components of the claims, and award appropriate damages accordingly. Because the calculation was incredibly complex and difficult to trace to specific causes, the court proceeded under the total cost method. While this method is not favored, it is appropriate in a case such as this one. See Wolff & Munier, 946 F.2d at 1009.
 
 
 9
 Using the total cost method, the court calculates the difference between the contract price and the total job costs, including profit and overhead if applicable, and then apportions the delay damages according to each party's responsibility for the delay. See Thalle Constr. v. Whiting-Turner Contracting, 39 F.3d 412, 417 (2d Cir.1994). The court calculated the total costs as well as the amount already paid to Jackson. We find no error in these calculations. The court properly accounted for the settlement figure contained in the acceleration agreement when it deducted a portion of the settlement from Jackson's costs. In addition, we see no error in the court's decision to deny Jackson profits and indirect overhead. The court found that Jackson did not anticipate making a profit at the time in entered into the acceleration agreement. Further, the court allowed Jackson to recover the direct overhead costs associated with the project. We also see no error in the court's deduction of a percentage of payroll costs from the total costs in calculating the damages to be awarded to Jackson.
 
 
 10
 We commend the court for efficiently and effectively resolving this complicated construction contract dispute. Having reviewed the claims presented by both sides, we affirm for substantially the reasons contained in the district court's ruling.